PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her vehicle struck a patch of ice while she was traveling on County Route 62 in Alkol, Lincoln County. County Route 62 is a road maintained by respondent in Lincoln County. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred around 8:10 a.m. on Februaiy 25, 2003, a cold and snowy morning. Claimant was traveling on County Route 62 in her 1991 GMC Jimmy. County Route 62 is a narrow, two-lane road where a driver must drive to the far side of the road in order to let an oncoming vehicle pass at the same time in the particular area of the incident involved in this claim. Ms. Antill testified that she knew the roads were going to be icy and snowy and that crews for respondent had not been out to this road yet when she left her home that morning. Claimant testified that she was driving down a hill at around five miles per hour when her vehicle struck an icy patch on the road. Ms. Antill applied the brakes, but she was unable stop the vehicle as it began to slide down the hill. Claimant’s vehicle struck another vehicle that was stopped on the hill. Her vehicle sustained damage totaling $ 1,663.56. Claimant also was not able to go to work during the next four days as she did not have a vehicle so she lost $208.00 in wages.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 62 at the site of the claimant’s accident for the date in question.
Tim Pullen, an assistant maintenance engineer for the respondent in District Two for Cabell, Lincoln, Logan, Mingo and Wanye Counties, testified that he had no knowledge of any ice on County Route 62 on the date of claimant’s accident. Mr. Pullen stated that this is a second priority road which only receives treatment after all first priority roads have had snow removal and ice control activities performed on them. He stated that trucks started treating first pri ority roads around 6:10 a.m. and finished treating these roads around 9:30 a.m. on the day of this accident.
The well-established principle of law in West Virginia is that the state is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103.
In the instant case, the evidence established that the respondent did not have actual or constructive notice of ice on County Route 62 prior to the incident in question. Further, claimant testified that she knew respondent had not treated County Route 62 on the morning of the incident and that she went ahead and assumed the risk by driving on County Route 62. Consequently, there is no evidence of negligence upon which to justify an award. The Court is well aware that during periods of snow and ice respondent directs its attention to the primary routes. It is not able to address all county routes but attempts to maintain all road hazards when it receives notice from the public. Thus, the Court will not impose an impossible duty upon respondent during periods when its attention must be the control of ice and snow on the State’s highways. Therefore, the Court has *171 determined that claimant may not make a recovery for her loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.